TROY LAW, PLLC
Aaron Schweitzer (AS 6369)
John Troy (to be admitted *pro hac vice*)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
johntroy@troypllc.com
*Attorneys for the Plaintiffs, Proposed FLSA*
*Collective and Potential Rule 23 Class Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
---------------------------------------------------------------x
YI CHING LIU,
JI YUAN LIN,
TECK KIM EU, and
YUNGCHANG HSU,
*on behalf of themselves and others similarly situated,*

|  |  |
|---|---|
| Plaintiffs, | **Case No: 17-cv-12867** |
| v. | **29 U.S.C. § 216(b)** **COLLECTIVE ACTION &** **FED. R. CIV. P. 23 CLASS** **ACTION** |
| CHENG DU 23 INC d/b/a Cheng Du 23, FU RESTAURANT LLC d/b/a Tsing Tao Restaurant d/b/a Shanghai 46, YONGYI JIANG a/k/a Robert Jiang, CHING XING LIN a/k/a Kevin Lin, and CINDY LIN, | **COMPLAINT** |
| Defendants. |  |

---------------------------------------------------------------x

Plaintiffs YI CHING LIU, JI YUAN LIN, TECK KIM EU, and YUNGCHANG HSU,

(hereafter "Plaintiffs"), on behalf of themselves and others similarly situated, by and through

their attorneys, Troy Law, PLLC, hereby bring this complaint against CHENG DU 23 INC d/b/a

Cheng Du 23, FU RESTAURANT LLC d/b/a Tsing Tao Restaurant d/b/a Shanghai 46,

YONGYI JIANG a/k/a Robert Jiang, CHING XING LIN a/k/a Kevin Lin, and CINDY LIN,

(hereafter "Defendants") and allege as follows:

1

## INTRODUCTION

1.      This action is brought by Plaintiffs, on behalf of themselves and other similarly situated employees against Defendants for alleged violations of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law ("NJWHL") § 34:11-56 *et seq.*, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants willfully and intentionally committed widespread violations of the FLSA and the NJWHL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, the statutory minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

3.      Upon information and belief, Defendants have failed to maintain accurate records of hours that Plaintiffs and those similarly situated employed by Defendants work or worked, including work done in excess of forty (40) hours each workweek.

4.      Plaintiffs allege pursuant to the FLSA, 29 U.S.C. § 216(b), that they are entitled to recover: (1) compensation for wages paid at less than the statutory minimum rate, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest and (5) reasonable attorney's fees and costs.

5.      Plaintiffs further allege pursuant to the NJWHL that they are entitled to recover from Defendants: (1) compensation for wages paid at less than the statutory minimum wage, (2) unpaid overtime compensation, (3) liquidated damages equal to the sum of unpaid minimum wage and unpaid overtime, (4) prejudgment interest, (5) post-judgment interest and (6) reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331

because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA"). The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

7.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFFS**

8.     Plaintiff YI CHING LIU is a resident of Queens County, New York and was employed by Defendants as a dishwasher and miscellaneous kitchen worker at Cheng Du 23, located at 6 Willowbrook Boulevard, Wayne, NJ 07470.

9.     Plaintiff JI YUAN LIN is a resident of Queens County, New York and was employed by Defendants as a fry wok at Cheng Du 23, located at 6 Willowbrook Boulevard, Wayne, NJ 07470.

10.     Plaintiff TECK KIM EU is a resident of Queens County, New York, and was employed by Defendants as a waiter at Cheng Du 23, located at 6 Willowbrook Boulevard, Wayne, NJ 07470.

11.     Plaintiff YUNGCHANG HSU was employed by Defendants as a waiter at Cheng Du 23, located at 6 Willowbrook Boulevard, Wayne, NJ 07470.

**DEFENDANTS**

***Corporate Defendants***

12.     Defendant CHENG DU 23 INC d/b/a Cheng Du 23 is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 6 Willowbrook Boulevard, Wayne, NJ 07470.

13.     Upon information and belief, CHENG DU 23 INC d/b/a Cheng Du 23 is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

14.     Upon information and belief CHENG DU 23 INC d/b/a Cheng Du 23 purchased and handled goods moved in interstate commerce.

15.     Defendant FU RESTAURANT LLC d/b/a Tsing Tao Restaurant d/b/a Shanghai 46 is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 14 US-46 East, Fairfield, NJ 07004.

16.     Upon information and belief, FU RESTAURANT LLC d/b/a Tsing Tao Restaurant d/b/a Shanghai 46 is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

17.     Upon information and belief FU RESTAURANT LLC d/b/a Tsing Tao Restaurant d/b/a Shanghai 46 purchased and handled goods moved in interstate commerce.

***Individual Defendants***

18.     The Individual Defendants are officers, directors, managers, and/or majority shareholders or owners of the Corporate Defendants.

19.     YONGYI JIANG a/k/a Robert Jiang, known as "Big Kitchen" to Plaintiffs, upon information and belief, a part owner and officer of CHENG DU 23 INC d/b/a Cheng Du 23 and FU RESTAURANT LLC d/b/a Tsing Tao Restaurant d/b/a Shanghai 46, and the manager of the kitchen at CHENG DU 23 INC d/b/a Cheng Du 23 (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at CHENG DU 23 INC d/b/a Cheng Du 23 and FU RESTAURANT LLC d/b/a Tsing Tao

Restaurant d/b/a Shanghai 46.

20.     YONGYI JIANG a/k/a Robert Jiang acted intentionally and maliciously and is an

employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29

C.F.R. § 791.2, as well as NJWHL § 34:11-56a1(g) and regulations promulgated thereunder, and

is jointly and severally liable with CHENG DU 23 INC d/b/a Cheng Du 23 and FU

RESTAURANT LLC d/b/a Tsing Tao Restaurant d/b/a Shanghai 46.

21.     CHING XING LIN a/k/a Kevin Lin, known as "Boss" to Plaintiffs, upon information and

belief, is a part owner and officer of CHENG DU 23 INC d/b/a Cheng Du 23 and FU

RESTAURANT LLC d/b/a Tsing Tao Restaurant d/b/a Shanghai 46, and the front-of-the-house

manager and host at CHENG DU 23 INC d/b/a Cheng Du 23, (1) had the power to hire and fire

employees, (2) supervised and controlled employee work schedules and conditions of

employment, (3) determined employee rates and methods of payment, and (4) maintained

employee records at CHENG DU 23 INC d/b/a Cheng Du 23 and FU RESTAURANT LLC d/b/a

Tsing Tao Restaurant d/b/a Shanghai 46.

22.     CHING XING LIN a/k/a Kevin Lin acted intentionally and maliciously and is an

employer pursuant to the FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29

C.F.R. § 791.2, as well as NJWHL § 34:11-56a1(g) and regulations promulgated thereunder, and

is jointly and severally liable with CHENG DU 23 INC d/b/a Cheng Du 23 and FU

RESTAURANT LLC d/b/a Tsing Tao Restaurant d/b/a Shanghai 46.

23.     CINDY LIN, upon information and belief, a part owner and officer of CHENG DU 23

INC d/b/a Cheng Du 23 and FU RESTAURANT LLC d/b/a Tsing Tao Restaurant d/b/a

Shanghai 46, and the wife of CHING XING LIN a/k/a Kevin Lin, (1) had the power to hire and

fire employees, (2) supervised and controlled employee work schedules and conditions of

employment, (3) determined employee rates and methods of payment, and (4) maintained

employee records at CHENG DU 23 INC d/b/a Cheng Du 23 and FU RESTAURANT LLC d/b/a

Tsing Tao Restaurant d/b/a Shanghai 46.

24.     CINDY LIN acted intentionally and maliciously and is an employer pursuant to FLSA,

29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as

NJWHL § 34:11-56a1(g) and regulations promulgated thereunder, and is jointly and severally

liable with CHENG DU 23 INC d/b/a Cheng Du 23 and FU RESTAURANT LLC d/b/a Tsing

Tao Restaurant d/b/a Shanghai 46.

## STATEMENT OF FACTS

**CORPORATE DEFENDANTS CONSTITUTE AN ENTERPRISE**

25.     At all relevant times herein, CHENG DU 23 INC d/b/a Cheng Du 23 and FU

RESTAURANT LLC d/b/a Tsing Tao Restaurant d/b/a Shanghai 46 were, and continue to be, a

single and joint employer with a high degree of interrelated and unified operation, and share

common management, centralized control of labor relations, common ownership, common

control, common business purposes and interrelated business goals.

26.     CHENG DU 23 INC d/b/a Cheng Du 23 and FU RESTAURANT LLC d/b/a Tsing Tao

Restaurant d/b/a Shanghai 46 together constitute an enterprise engaged in interstate commerce

that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

27.     CHENG DU 23 INC d/b/a Cheng Du 23 and FU RESTAURANT LLC d/b/a Tsing Tao

Restaurant d/b/a Shanghai 46 purchase and handle goods moved in interstate commerce.

28.     CHENG DU 23 INC d/b/a Cheng Du 23 and FU RESTAURANT LLC d/b/a Tsing Tao

Restaurant d/b/a Shanghai 46 operate two (2) active Chinese restaurants:

        a.      Cheng Du 23, 6 Willowbrook Boulevard, Wayne, NJ 07470; and

        b.      Tsing Tao Restaurant (formerly known as Shanghai 46), 14 US-46 East, Fairfield,

NJ 07004.

29.    CHENG DU 23 INC d/b/a Cheng Du 23 and FU RESTAURANT LLC d/b/a Tsing Tao

Restaurant d/b/a Shanghai 46 share managers, including Individual Defendants CHING XING

LIN a/k/a Kevin Lin and CINDY LIN.

30.    Upon information and belief, Defendants CHENG DU 23 INC d/b/a Cheng Du 23 and

FU RESTAURANT LLC d/b/a Tsing Tao Restaurant d/b/a Shanghai 46 frequently transfer

employees, particularly part-time waitstaff, in between their two locations.

**DEFENDANTS COMMITTED THE FOLLOWING ALLEGED ACTS KNOWINGLY, INTENTIONALLY, AND WILLFULLY AGAINST THE PLAINTIFFS, THE FLSA COLLECTIVE, AND THE CLASS**

31.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and

similarly situated employees at least the New Jersey minimum wage for each hour worked.

32.    While employed by Defendants, Plaintiffs were not exempt under federal and state laws

requiring employers to pay employees overtime.

33.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and

similarly situated employees their lawful overtime of one and one-half times (1.5x) their regular

rate of pay for all hours worked over forty (40) in a given workweek.

34.    At all relevant times, Defendants knowingly and willfully failed to keep full and accurate

records of Plaintiffs' hours worked and wages paid.

35.    Upon information and belief, Defendants failed to keep full and accurate records in order

to mitigate liability for wage violations.

36.    At all relevant times, Defendants knowingly and willfully failed to furnish Plaintiffs and

similarly situated employees notice that they were claiming tip credit towards Plaintiffs' and

similarly situated employees' minimum wage.

37.     Defendants knew that the nonpayment of wages for all hours worked and the nonpayment of wages at one and one-half time (1.5x) employees' regular rates would financially injure Plaintiffs and similarly situated employees, and violate state and federal laws.

38.     At all relevant times, Defendants failed to display New Jersey State Department of Labor posters required by NJWHL § 34:11-4.6.

**PLAINTIFF YI CHING LIU**

39.     From on or about January 20, 2017 to April 27, 2017, Plaintiff YI CHING LIU was employed by Defendants to work as a dishwasher and miscellaneous kitchen worker at Cheng Du 23, located at 6 Willowbrook Boulevard, Wayne, NJ 07470.

40.     From on or about January 20, 2017 to April 1, 2017, Plaintiff YI CHING LIU's regular work schedule ran from 10:45 to 22:30 Wednesdays through Mondays with Tuesdays off for seventy hours and thirty minutes (70:30) per week.

41.     From on or about April 2, 2017 to April 20, 2017, Plaintiff YI CHING LIU worked three (3) days per week, 10:45 to 22:30 each day, for thirty-five hours and fifteen minutes (35:15) per week.

42.     From on or about April 21, 2017 to April 27, 2017, Plaintiff YI CHING LIU worked one (1) day per week, 10:45 to 22:30, for eleven hours and forty-five minutes (11:45).

43.     Throughout his employment, each day he worked, Plaintiff YI CHING LIU was picked up by a company van from in front of Changfa supermarket in Flushing, New York at about 9:50 to be driven to Cheng Du 23, 6 Willowbrook Boulevard, Wayne, NJ 07470. Throughout his employment, each day after work, he would be dropped off in front of Changfa supermarket by the same company van at about 23:15.

44.     Throughout his employment Plaintiff YI CHING LIU was afforded no rest breaks during the working day. Plaintiff YI CHING LIU was afforded two ten-to-fifteen-minute meal periods

each day, at 15:30 and 20:30.

45.     Plaintiff YI CHING LIU's agreed-upon pay rate was two thousand two hundred dollars ($2,200.00) per month.

46.     Plaintiff YI CHING LIU was told that other kitchen workers made two thousand two hundred dollars ($2,200.00) per month.

47.     In fact, Plaintiff YI CHING LIU was paid one thousand sixteen dollars ($1,016.00) every other Thursday, in cash, regardless of how many hours he actually worked.

48.     Therefore, Plaintiff YI CHING LIU was paid two thousand thirty-two dollars ($2,032.00) every four (4) weeks.

49.     Plaintiff YI CHING LIU was not notified prior to receiving his pay that his pay would be reduced from two thousand two hundred dollars ($2,200.00) to two thousand thirty-two dollars ($2,032.00) every four weeks.

50.     Plaintiff YI CHING LIU was not paid overtime for hours worked above forty (40) in any given workweek.

51.     While employed by Defendants, Plaintiff YI CHING LIU was not exempt under federal and state laws requiring employers to pay employees overtime.

52.     Plaintiff YI CHING LIU was not furnished with a statement of deductions from his wages for each payday. Plaintiff YI CHING LIU was required to sign a receipt each payday stating that he had been paid, but this receipt contained no information as to his promised rate of pay, his actual pay, his hours worked, or anything besides the fact that he had been paid.

**PLAINTIFF JI YUAN LIN**

53.     From on or about March 1, 2016 to September 10, 2016, Plaintiff JI YUAN LIN was employed by Defendants to work as a fry wok at Cheng Du 23, located at 6 Willowbrook

Boulevard, Wayne, NJ 07470.

54.     From on or about March 1, 2016 to September 10, 2016, Plaintiff JI YUAN LIN's regular work schedule ran from 10:45 to 22:30 six days per week, with one floating day off, for seventy hours and thirty minutes (70:30) per week.

55.     Throughout his employment, each day he worked, Plaintiff JI YUAN LIN was picked up by a company van from in front of Changfa supermarket in Flushing, New York at about 9:50 to be driven to Cheng Du 23, 6 Willowbrook Boulevard, Wayne, NJ 07470. Throughout his employment, each day after work, he would be dropped off in front of Changfa supermarket by the same company van at about 23:15.

56.     Throughout his employment Plaintiff JI YUAN LIN was afforded no rest breaks during the working day. Plaintiff JI YUAN LIN was afforded two ten-to-fifteen-minute meal periods each day, at 15:30 and 20:30.

57.     Plaintiff JI YUAN LIN was paid at a rate of one thousand four hundred dollars ($1,400.00) every two weeks, before withholding.

58.     After withholding, Plaintiff JI YUAN LIN's pay amounted to about one thousand two hundred dollars ($1,200.00) every two weeks. Approximately six hundred dollars ($600.00) was paid by check, with the remainder paid in cash.

59.     Plaintiff JI YUAN LIN was not paid overtime for hours worked above forty (40) in any given workweek.

60.     While employed by Defendants, Plaintiff JI YUAN LIN was not exempt under federal and state laws requiring employers to pay employees overtime.

61.     Plaintiff JI YUAN LIN was not furnished with a statement of deductions from his wages for each payday. Plaintiff JI YUAN LIN was required to sign a receipt each payday stating that

he had been paid, but this receipt contained no information as to his promised rate of pay, his actual pay, his hours worked, or anything besides the fact that he had been paid.

**PLAINTIFF TECK KIM EU**

62.     From on or about February 20, 2015 to the present time, Plaintiff TECK KIM EU was employed by Defendants to work as a waiter at Cheng Du 23, located at 6 Willowbrook Boulevard, Wayne, NJ 07470.

63.     From on or about February 20, 2015 to May 31, 2015, Plaintiff TECK KIM EU's regular work schedule ran from 11:00 to 21:30 Wednesdays, Thursdays, Fridays, and Mondays, and from 11:00 to 22:00 Saturdays and Sundays, for six (6) days per week, with Tuesdays off, for sixty-four hours (64:00) per week.

64.     From on or about June 1, 2015 to June 15, 2016, Plaintiff TECK KIM EU's regular work schedule ran from 11:00 to 21:30 Thursdays, Fridays, and Mondays, and from 11:00 to 22:00 Saturdays and Sundays, for five (5) days per week, with Tuesdays and Wednesdays off, for fifty-three hours and thirty minutes (53:30) per week.

65.     From on or about June 16, 2016 to the present time, Plaintiff TECK KIM EU's regular work schedule ran from 11:00 to 21:30 Thursdays, Fridays, and Mondays, and from 11:00 to 22:00 on Saturdays, for four (4) days per week, with Tuesdays, Wednesdays, and Sundays off, for forty-two hours and thirty minutes (42:30) per week.

66.     Throughout his employment Plaintiff TECK KIM EU and the other waitstaff were afforded one forty-five-minute (00:45) rest break between 15:30 and 17:00, except on Saturdays and Sundays when they were not given rest breaks. Approximately half the waitstaff on duty on a given weekday would take their forty-five-minute break from 15:30 to 16:15, while the other half of the waitstaff would take their break from 16:15 to 17:00. Plaintiff TECK KIM EU was

afforded two ten-to-fifteen-minute meal periods each day, at 14:45 and 20:40.

67.     From on or about June 1, 2015 to June 15, 2016, Plaintiff TECK KIM EU was paid at a rate of twenty-five dollars ($25.00) per day worked. Plaintiff TECK KIM EU received tips as a waiter.

68.     From on or about June 16, 2016 to the present, Plaintiff TECK KIM EU was paid at a rate of thirty-five dollars ($35.00) per day worked. Plaintiff TECK KIM EU received tips as a waiter.

69.     However, in addition to waiting tables, Plaintiff TECK KIM EU was required to spend approximately two (2) hours over the course of any given working day on non-tipped side work, including packing food for delivery, answering the telephone, mopping the restroom, vacuuming the floor, making and packing wontons, washing dishes, forks, and spoons, storing beverages, and peeling snow peas, four seasons beans, and bean sprouts.

70.     Prior to about January 1, 2016, Plaintiff TECK KIM EU was paid in cash. Beginning on or about January 1, 2016, TECK KIM EU was paid by check.

71.     Plaintiff TECK KIM EU was not paid overtime for hours worked above forty (40) in any given workweek.

72.     While employed by Defendants, Plaintiff TECK KIM EU was not exempt under federal and state laws requiring employers to pay employees overtime.

73.     Throughout his employment, Plaintiff TECK KIM EU was required to contribute to a tip pool that would be shared among the waitstaff and the single dedicated packer. The cashier took tips from take-out orders.

74.     Throughout his employment, Plaintiff TECK KIM EU was not furnished with a statement of deductions from his wages for each payday.

**PLAINTIFF YUNGCHANG HSU**

75.     From on or about January 2015 to June 2015, Plaintiff YUNGCHANG HSU was

employed by Defendants to work as a waiter at Cheng Du 23, located at 6 Willowbrook

Boulevard, Wayne, NJ 07470.

76.     Throughout his employment, Plaintiff YUNGCHANG HSU's regular work schedule ran

from 10:50 to 21:30 Thursdays, Fridays, and Mondays, and from 10:50 to 22:00 Saturdays and

Sundays, for five (5) days per week, with Tuesdays and Wednesdays off, for fifty-four hours and

twenty minutes (54:20) per week.

77.     Throughout his employment Plaintiff YUNGCHANG HSU and the other waitstaff were

afforded one forty-five-minute (00:45) rest break between 15:30 and 17:00, except on Saturdays

and Sundays when they were not given rest breaks. Approximately half the waitstaff on duty on

a given weekday would take their forty-five-minute break from 15:30 to 16:15, while the other

half of the waitstaff would take their break from 16:15 to 17:00. Plaintiff YUNGCHANG HSU

was afforded two ten-to-fifteen-minute meal periods each day, at 14:45 and 20:40.

78.     Throughout his employment, Plaintiff YUNGCHANG HSU was paid at a rate of twenty-

five dollars ($25.00) per day worked. Plaintiff YUNGCHANG HSU received tips as a waiter.

79.     However, in addition to waiting tables, Plaintiff YUNGCHANG HSU was required to

spend more than two (2) hours over the course of any given working day on non-tipped side

work, including packing food for delivery, mopping the restroom, vacuuming the floor, making

and packing wontons, washing dishes, forks, and spoons, storing beverages, and peeling snow

peas, four seasons beans, and bean sprouts.

80.     Throughout his employment, Plaintiff YUNGCHANG HSU was paid in cash.

81.     Plaintiff YUNGCHANG HSU was not paid overtime for hours worked above forty (40)

in any given workweek.

82.     While employed by Defendants, Plaintiff YUNGCHANG HSU was not exempt under

federal and state laws requiring employers to pay employees overtime.

83.     Throughout his employment, Plaintiff YUNGCHANG HSU was required to contribute to

a tip pool that would be shared among the waitstaff and the single dedicated packer. The cashier

took tips from take-out orders.

84.     Throughout his employment, Plaintiff YUNGCHANG HSU was not furnished with a

statement of deductions from his wages for each payday.

## COLLECTIVE ACTION ALLEGATIONS

85.     Plaintiffs bring this action individually and on behalf of all other and former non-exempt

employees of CHENG DU 23 INC d/b/a Cheng Du 23, FU RESTAURANT LLC d/b/a Tsing

Tao Restaurant d/b/a Shanghai 46, YONGYI JIANG a/k/a Robert Jiang, CHING XING LIN

a/k/a Kevin Lin, and CINDY LIN including but not limited to waiters, deliverymen, runners,

cooks, other kitchen workers, packers, bussers, and cashiers who have been or were employed by

Defendants for up to the three (3) years before the filing of the Complaint, through entry of

judgment in this case (the "Collective Action Period") and who were not compensated at least

the hourly minimum wage for all hours worked and/or at the time and one and one half rate of

overtime hourly compensation for all hours worked in excess of forty (40) hours per week (the

"Collective Action Members").

## CLASS ACTION ALLEGATIONS

86.     Plaintiffs bring their NJWHL claims pursuant to Federal Rules of Civil Procedure ("Fed.

R. Civ. P.") 23, on behalf of all non-exempt personnel employed by Defendants on or after the

date that is two (2) years before the filing of the Complaint as defined herein (the "Class

Period").

87.    All said persons, including Plaintiffs, are referred to herein as the "Class."

88.    The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

89.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number depends is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

90.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

        a.    Whether Defendant employed Plaintiffs and the Class within the meaning of the NJWHL;

        b.    Whether Plaintiffs and Class members are entitled to overtime payment under the NJWHL;

        c.    Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class NJWHL;

      d.      Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

      e.      Whether Defendants provided a notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

      f.      At what common rate, or rates subject to common method of calculation were and are Defendants required to pay the Class members for their work;

*Typicality*

91.      Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

92.      Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

93.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class

members lack the financial resources to vigorously prosecute a lawsuit against corporate

defendants. Class action treatment will permit a large number of similarly situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expenses that numerous individual actions engender.

Because the losses, injuries, and damages suffered by each of the individual Class members are

small in the sense pertinent to a class action analysis, the expenses and burden of individual

litigation would make it extremely difficult or impossible for the individual Class members to

redress the wrongs done to them. Further, important public interests will be served by addressing

the matter as a class action. The adjudication of individual litigation claims would result in a

great expenditure to Court and public resources; however, treating the claims as a class action

would result in a significant saving of these costs. The prosecution of separate actions by

individual members of the Class would create a risk of inconsistent and/or varying adjudications

with respect to the individual members of the Class, establishing incompatible standards of

conduct for Defendants and resulting in the impairment of class members' rights and the

disposition of their interests through actions to which they were not parties. The issues in this

action can be decided by means of common, class-wide proof. In addition, if appropriate, the

Court can, and is empowered to, fashion methods to efficiently manage this action as a class

action.

94.     Upon information and belief, defendants and other employers throughout the state

violated the NJWHL. Current employees are often afraid to assert their rights out of fear of direct

or indirect retaliation. Former employees are fearful of bringing claims because doing so can

harm their employment, future employment, and future efforts to secure employment. Class

actions provide class members who are not named in the complaint a degree of anonymity which

allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I
**[Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage
Brought on Behalf of Plaintiffs and the FLSA Collective Action Members]**

95.     Plaintiffs repeat, reallege, and incorporate by reference all preceding paragraphs as though fully set forth herein.

96.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in "interstate commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

97.     At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

98.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

99.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

100.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

101.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

102.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and collective action members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially

injure Plaintiffs and collective action members.

## COUNT II
### [Violations of New Jersey Wage and Hour Law—Failure to Pay Minimum Wage Brought on Behalf of Plaintiffs and Rule 23 Class]

103.     Plaintiffs repeat, reallege, and incorporate by reference all preceding paragraphs as though fully set forth herein.

104.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of the NJWHL.

105.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

106.     Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

107.     By failing to pay Plaintiffs and the class, Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid minimum wage, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56 *et seq*.

## COUNT III
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on Behalf of Plaintiffs and the FLSA Collective Action Members]

108.     Plaintiffs repeat, reallege, and incorporate by reference all preceding paragraphs as though fully set forth herein.

109.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours, unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the

minimum wage, whichever is greater. 29 U.S.C. § 207(a).

110.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207

shall be liable to the employees affected in the amount of their unpaid overtime compensation,

and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

111.    Defendants' failure to pay Plaintiffs and the FLSA Collective Action Members their

overtime pay violated the FLSA.

112.    At all relevant times, Defendants had, and continue to have, a policy or practice of

refusing to pay overtime compensation at one and one half times the statutory rate to Plaintiffs

and Collective Action Members for all hours worked in excess of forty (40) hours per workweek,

which violated and continues to violate the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C.

§§ 207(a)(1) and 215(a).

113.    The FLSA and supporting regulations require employers to notify employees of

employment law requirements. 29 C.F.R. § 516.4.

114.    Defendants knowingly and willfully failed to notify Plaintiffs and the FLSA Collective

Action Members of the requirements of the employment laws in order to facilitate their

exploitation of Plaintiffs' and the FLSA Collective action members' labor.

115.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced

by their failure to compensate Plaintiffs and the Collective Action Members the statutory

overtime rate of one and one half for all hours worked in excess of forty (40) hours per week

when they knew or should have known such failure would financially injure Plaintiffs and

Collective Action members.

**COUNT IV**
**[Violation of New Jersey Labor Law—Overtime Pay**
**Brought on Behalf of Plaintiffs and Rule 23 Class]**

116.    Plaintiffs repeat, reallege, and incorporate by reference all preceding paragraphs as though

20

fully set forth herein.

117.    At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one half times the hourly rate that Plaintiffs and the class are entitled to.

118.    Defendants' failure to pay Plaintiffs and the class was not in good faith.

119.    By failing to pay Plaintiffs and the class, Plaintiffs and the Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to the NJWHL §§ 34:11-56 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certifying this case as a collective action pursuant to the FLSA;

c)      Issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent

to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsels to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NJWHL;

e)      An injunction against Corporate Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

f)      An award of unpaid overtime wages due under the FLSA and the NJWHL plus compensatory and liquidated damages;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, overtime compensation pursuant to 29 U.S.C. § 216;

h)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to the NJWHL;

i)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and the NJWHL;

j)      The cost and disbursements of this action;

k)      An award of prejudgment and post-judgment fees;

l)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
          December 10, 2017

                              Respectfully submitted,

TROY LAW, PLLC


_____/s/ Aaron Schweitzer___
Aaron Schweitzer (AS 6369)

_____/s/ John Troy_____
John Troy (to be admitted by *Pro Hac Vice*)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com

*Attorneys for the Plaintiff, proposed FLSA Collective, and proposed Class*