**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YI CHING LIU, *et al.*,

      **Plaintiffs,**

    v.

CHENG DU 23 INC., *et al.*,

      **Defendants.**

Civil Action No.: 17-12867 (ES) (CLW)

OPINION

**SALAS, DISTRICT JUDGE**

    Before the Court is Defendants'[1] motion requesting (i) judgment on the pleadings as to plaintiff Hsu and Yang's claims, (ii) dismissal of plaintiff Liu's claim for lack of subject-matter jurisdiction, and (iii) partial summary judgment as to plaintiff Yang's claim. (D.E. No. 122). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court **GRANTS** Defendants' motion for judgment on the pleadings and motion to dismiss for lack of subject-matter jurisdiction. As a result, the Court need not address Defendants' motion for partial summary judgment.

**I.    BACKGROUND**[2]

    Plaintiffs bring this collective action on behalf of themselves and others similarly situated alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*,

---

[1]     The Defendants are Cheng Du 23 Inc., d/b/a Cheng Du 23 ("Cheng Du"); Yongyi Jiang, known as Robert Jiang; Ching Xing Lin, known as Kevin Lin; and Cindy Lin. Plaintiffs are Yi Ching Liu; Xialong Yang; and Yungchang Hsu.

[2]     As explained further below, because the Court need not reach Defendants' partial motion for summary judgment, it recites the relevant facts as alleged in the Amended Complaint. (D.E. No. 104 ("Am. Compl.")).

1

by failing to pay them minimum and overtime wages and keep accurate employment records. (Am. Compl. ¶¶ 1–3).

Cheng Du is incorporated under the laws of the State of New Jersey and maintains a principal place of business in Wayne, New Jersey. (*Id.* ¶ 13). Defendants Jiang, Ching Xing Lin, and Cindy Lin are owners and officers of Cheng Du. (*Id.* ¶¶ 17–18 & 24–25). Plaintiffs allege that all three individual defendants had the power to hire and fire Cheng Du employees, supervised and controlled employees' work schedules, determined employees' payment rates and payment methods, and maintained employees' records. (*Id*. ¶¶ 18 & 24–25). Throughout the Amended Complaint, Plaintiffs allege that Defendants "willfully," "intentionally," and "maliciously" violated the FLSA. (*Id.* ¶¶ 2, 23, 26–28, 35, 95 & 102–03; *see id.* ¶ 1). The Court summarizes the allegations below as to each named plaintiff.

  A.  **Liu's Wages and Hours**

Cheng Du employed Liu, a New York resident, as a dishwasher and miscellaneous kitchen worker from January 20 to April 27, 2017. (*Id.* ¶¶ 7 & 41). Defendant Jiang would pick up Liu and other employees in a company van in Flushing, New York at 9:50 A.M., drive them to Cheng Du in New Jersey for their shifts, and return them to Flushing around 11:15 P.M. (*Id*. ¶¶ 20 & 51). Jiang hired Liu to work at Cheng Du through Red Apple employment agency. (*Id.* ¶¶ 42–44). From on or about January 20 to April 1, 2017, Liu worked six days a week, for a total of 70.5 hours. (*Id.* ¶ 48). From on or about April 2 to April 20, 2017, Liu worked three days a week, for a total of 35.25 hours. (*Id.* ¶ 49). From on or about April 21 to April 27, 2017, Liu worked one day a week, for a total of 11.75 hours. (*Id.* ¶ 50). Each workday, Liu received two meal breaks of about ten to fifteen minutes, but never had rest breaks. (*Id.* ¶ 53).

Liu agreed to receive $2,200.00 in monthly pay from Cheng Du.[3] (*Id.* ¶¶ 45 & 54). Liu received a cash payment of $1,016.00 every other Thursday, regardless of the hours he worked. (*Id.* ¶ 56). Thus, Liu received $2,032 per month, $168.00 below the agreed-upon rate. (*Id.* ¶¶ 57–58). Cheng Du did not pay Liu overtime for the hours he worked beyond forty per week, and Liu never received a statement of wage deductions. (*Id.* ¶¶ 59 & 62). Defendants allegedly failed to preserve any of Liu's employment records. (*Id.* ¶ 37). Liu is an original named plaintiff to this action, filed on December 10, 2017. (*Id.* ¶ 8).

### B.     Yang's Wages and Hours

Cheng Du employed Yang, a New York resident, as a runner from roughly November 2014 to May 2015, and briefly in October 2015. (*Id*. ¶¶ 9 & 63). Yang typically worked five days a week, for a total of 56.5 hours per week. (*Id.* ¶ 64). Yang usually assumed the role of takeout packer but spent over two hours on any given workday on non-tipped side work (*i.e.*, packing delivery orders, mopping the restroom, washing dishes, and preparing food). (*Id.* ¶ 69). Each workday, Yang received two meal breaks of about ten to fifteen minutes; he also had one forty-five-minute rest break, except during Saturday and Sunday shifts. (*Id.* ¶ 65).

Cheng Du paid Yang $25.00 a day in cash, and he received tips through the waitstaff. (*Id.* ¶¶ 66–67, 70 & 73). Cheng Du did not pay Yang overtime for the hours he worked beyond forty per week, and Yang never received a statement of wage deductions. (*Id.* ¶¶ 71 & 74). Although Defendants never kept records reflecting the hours and days Yang worked, they recorded Yang's pay between November 10, 2014, through October 25, 2015. (*Id.* ¶ 39; *see id.* ¶ 68). Yang consented to become a plaintiff in this matter on March 19, 2018. (*Id.* ¶ 10).

---

[3]     Jiang told Liu that other kitchen workers received the same monthly income. (Am. Compl. ¶ 55).

### C.  Hsu's Wages and Hours

Cheng Du employed Hsu as a waiter from roughly January 2015 to June 2015.  (*Id.* ¶¶ 11, 75 & 79).  Hsu typically worked five days a week, for a total of 54.33 hours per week.  (*Id.* ¶ 76).  Like Yang, Hsu regularly spent more than two hours on any given workday on non-tipped side work.  (*Id.* ¶ 81).  Each workday, Hsu received two meal breaks of about ten to fifteen minutes; he also had one forty-five-minute rest break, except during Saturday and Sunday shifts.  (*Id.* ¶ 77).

Cheng Du paid Hsu $25.00 per day in cash; however, Hsu received tips as a waiter.  (*Id.* ¶¶ 78, 79 & 82).  Throughout his employment, Hsu pooled his tips, which were shared among the waitstaff and Yang, the takeout packer.  (*Id.* ¶ 85).  Cheng Du did not pay Hsu overtime for the hours he worked beyond forty per week, and Hsu never received a statement of wage deductions.  (*Id.* ¶¶ 83 & 86).  Hsu is an original named plaintiff to this action, filed on December 10, 2017.  (*Id.* ¶ 12).

Defendants allegedly failed to keep consistent employment records for plaintiff Hsu.  They did, however, record the days Hsu worked per week between March 30 and June 21, 2015; they also recorded the amounts paid to Hsu between January 5 and June 28, 2015.  (*Id.* ¶ 38; *see also id.* ¶ 80).  Defendants allegedly knew how to keep employment records because they maintained them for different employees.  (*Id.* ¶ 38 (alleging that Defendants kept Teck Kim Eu, Chia Tsai Min, and Ming Fong's employment records, indicating the hours worked per day, hours worked per week, pay rate, and total pay, ranging between April 27 and June 21, 2015)).  Defendants handwrote these records on a computer-generated template, which provided for half-hour work increments.  (*Id.*).  The form also contained a place for the employee to sign and acknowledge the accuracy of the recorded hours and wages.  (*Id.*).

4

### D. Procedural History

On December 10, 2017, Plaintiffs filed this action on behalf of themselves and others similarly situated. (D.E. No. 1 ("Compl.")). Shortly thereafter, Defendants moved to dismiss. (D.E. No. 13). On August 15, 2018, the Court denied the motion as moot, and Defendants filed a renewed motion to dismiss on October 26, 2018. (D.E. Nos. 47 & 60). On April 2, 2019, the Honorable Magistrate Judge Cathy L. Waldor terminated Defendants' motion because five plaintiffs arbitrated their claims under their employment agreements and permitted Defendants to refile their motion to dismiss as to the non-arbitrating plaintiffs. (D.E. No. 75).

Defendants refiled their motion to dismiss, arguing that (i) Hsu and Yang's FLSA claims are time barred by the applicable statute of limitations, (ii) Liu's FLSA claim must be dismissed for lack of subject-matter jurisdiction because Cheng Du never employed him, and (iii) Yang's FLSA claim is barred by his November 18, 2015 settlement agreement with Defendants. (*See generally* D.E. No. 76-1). On January 31, 2020, the Court held oral argument on Defendants' motion. (D.E. No. 99). The Court (i) dismissed Hsu and Yang's FLSA claims without prejudice for failure to plead a willful violation under the three-year statute of limitations, (ii) dismissed Liu's claim without prejudice for failure to plead facts about his employee status that would permit the Court to exercise subject-matter jurisdiction over his FLSA claim, and (iii) denied Defendants' motion to dismiss Yang's claim as barred under the terms of his settlement agreement. (*See generally* D.E. Nos. 99 & 100; *see also* D.E. No. 121 ("OA Tr.")).[4] In doing so, the Court allowed Plaintiffs to amend their complaint with allegations that reflect Defendants' willful conduct and Liu's employment. (D.E. No. 100 at 1–2; OA Tr. at 34:1–7, 34:13–20 & 42:18–43:7). The Court

---

[4] Because Hsu and Yang withdrew their New Jersey Wage and Hour Law claims (OA Tr. at 19:8–12), the Court denied Defendants' motion to dismiss those claims as moot. (D.E. No. 100).

also granted Defendants leave to file a partial motion for summary judgment on the issue of whether Yang's claim is barred by his settlement agreement. (D.E. No. 100 at 1; *see generally* OA Tr.).

Plaintiffs amended their complaint. (*See* Am. Compl.). Defendants' Motion followed and is fully briefed. (D.E. No. 122-1 ("Mov. Br."); D.E. No. 141-8 ("Opp. Br.");[5] D.E. No. 142-1 ("Reply")).

## II.  LEGAL STANDARDS

### A.  Motion for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed. When adjudicating such a motion, a Court applies the same standard as that under Rule 12(b)(6). *See Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019); *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991). That is, the Court must accept "all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff." *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018). And the Court must "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Id.* at 878–79 (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and a claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[5]      Plaintiffs filed their opposition brief over two-and-a-half-months late. (*Compare* D.E. No. 122 (reflecting an April 19, 2021 deadline), *with* Opp. Br. (filed on July 5, 2021)).

While the Court generally "may not consider matters extraneous to the pleadings" when deciding a Rule 12(b)(6), or as here, a Rule 12(c), motion, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), an exception to this general rule provides that the Court "may consider documents that are attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (first citing *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); and then quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004)).

**B.      Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

The Court can adjudicate a dispute only if it has subject-matter jurisdiction to hear the asserted claims. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Rule 12(b)(1) governs jurisdictional challenges to a complaint." *Otto v. Wells Fargo Bank, N.A.*, No. 15-8240, 2016 WL 8677313, at *2 (D.N.J. July 15, 2016).

In deciding a 12(b)(1) motion, "a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed." *Leadbeater v. JPMorgan Chase, N.A.*, No. 16-7655, 2017 WL 4790384, at *3 (D.N.J. Oct. 24, 2017). "When a party moves to dismiss prior to answering the complaint . . . the motion is generally considered a facial attack." *Id.* In reviewing a facial attack, the Court should consider only the allegations in the complaint, along with documents referenced therein and attached thereto, in the light most favorable to the nonmoving party. *See Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (providing that a facial challenge "considers a claim on its face and asserts that it is insufficient to invoke the subject-matter jurisdiction of the court

7

because, for example, it does not present a question of federal law"). Thus, the motion is handled much like a 12(b)(6) motion, and allegations in the complaint should be accepted as true. *Leadbeater*, 2017 WL 4790384, at *3. Conversely, if the motion concerns a factual attack, then "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Tobin v. U.S.*, 170 F. Supp. 2d 472, 476 (D.N.J. 2001) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Thus, when considering a factual challenge to subject-matter jurisdiction, the court "may look beyond the pleadings to ascertain the facts." *Const. Party of Pennsylvania*, 757 F.3d at 348.

### III.   DISCUSSION

#### A.   FLSA Statute of Limitations (Yang & Hsu's Claims)

"The FLSA requires employers to pay overtime compensation for a non-exempt employee's work that exceeds forty hours per week." *Lin v. Fada Group, Inc.*, No. 20-5942, 2021 WL 4963283, at *3 (D.N.J. Oct. 25, 2021) (citing *Buchspies v. Pfizer, Inc.*, No. 18-16083, 2019 WL 5078853, at *2 (D.N.J. Oct. 10, 2019)); 29 U.S.C. § 207. "To state a prima facie claim under the FLSA, a plaintiff must allege that (1) he was an employee of the defendant; (2) the defendant was 'engaged in commerce'; and (3) the defendant failed to pay the federal minimum wage or overtime compensation for hours worked in excess of forty in a given week." *Morales v. Aqua Pazza LLC*, No. 20-6690, 2022 WL 1718050, at *3 (D.N.J. May 27, 2022) (first quoting *Perez v. Express Scripts, Inc.*, No. 19-7752, 2020 WL 7654305, at *2 (D.N.J. Dec. 23, 2020); and then citing 29 U.S.C. §§ 206, 207, 216(b)).

The FLSA provides that a cause of action for unpaid minimum wages, overtime wages, or liquidated damages must "be commenced within two years after the cause of action accrued . . . ,

except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). For purposes of Section 255, a collective or class action brought under the FLSA is commenced on the date the complaint and plaintiff's written consent to become a party is filed. *Id.* § 256(a). Alternatively, for those plaintiffs not named in the original action, their claim commences "on the subsequent date on which such written consent is filed in the court in which the action was commenced." *Id.* § 256(b); *Perella v. Colonial Transit, Inc.*, 148 F.R.D. 147, 149 (W.D. Pa. 1991), *aff'd*, 977 F.2d 569 (3d Cir. 1992). Moreover, "a separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed." *Genarie v. PRD Mgmt., Inc.*, No. 04-2082, 2006 WL 436733, at *14 (D.N.J. Feb. 17, 2006) (quoting *Mitchell v. Lancaster Milk Co.*, 185 F. Supp. 66, 70 (M.D. Pa. 1960)).

Defendants do not dispute any element of Plaintiffs' FLSA claim. (*See generally* Mov. Br.). Rather, they argue that Yang and Hsu fail to plausibly allege a willful violation of the FLSA, which is required to trigger the three-year statute of limitations period. (*Id.* at 17–21). Yang and Hsu effectively concede that their claims are barred under the two-year limitations period but argue that the Amended Complaint adequately alleges Defendants' willful violation of the FLSA. (*See* Opp. Br. at 6–7). The Court begins by outlining the relevant time periods under the two and three-year statute of limitations, followed by a discussion of Plaintiffs' amended pleading.

Yang allegedly worked at Cheng Du from November 2014 to May 2015, and briefly in October 2015. (Am. Compl. ¶¶ 63 & 67). Yang consented to become a plaintiff in this action on March 19, 2018. (*Id.* ¶ 10; D.E. No. 16). As such, Yang's entire FLSA claim—which arose before March 19, 2016—is time barred under the two-year limitations period. Under the three-year

9

limitations period, however, Yang can bring a FLSA claim for time worked on or after March 19, 2015—*i.e.*, from March 19, 2015, to May 2015 and October 2015. (*See* Am. Compl. ¶¶ 63 & 67).

Similarly, Hsu allegedly worked at Cheng Du from January to June 2015. (*Id.* ¶¶ 75 & 79). Hsu is an original named plaintiff to this action, which was filed on December 10, 2017. (*Id.* ¶ 12; Compl.; D.E. No. 2-3 (consent notice)). Accordingly, Hsu's entire FLSA claim—which arose before December 10, 2015—is time-barred under the two-year limitations period. Under the three-year limitations period, however, Hsu can bring a FLSA claim for time worked on or after December 10, 2014—*i.e.*, for the period from January to June 2015. (*See* Am. Compl. ¶¶ 75 & 79). Thus, Yang and Hsu must allege willful violations of the FLSA to overcome Defendants' motion.

Although affirmative defenses such as the statute of limitations must be raised in an answer pursuant to Federal Rule of Civil Procedure 8(c), a party may raise an affirmative defense, such as one under the statute of limitations, in a Rule 12(b)(6) or 12(c) motion if it is clear from the complaint's face that the claim is time-barred. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Robinson v. Johnson*, 313 F.3d 128, 134–35 (3d Cir. 2002) (noting that "the so-called 'Third Circuit Rule'[] permits a limitations defense to be raised by a motion under Rule 12(b)(6)")); *see Fullman v. Pennsylvania Dep't of Corr.*, 265 F. App'x 44, 46 (3d Cir. 2008) (upholding the dismissal of plaintiff's complaint pursuant to Rule 12(c) on statute of limitations grounds).

As recognized by one district court, "Third Circuit cases have differed on whether willfulness is a question of law or fact." *Acosta v. Heart II Heart, LLC*, No. 17-1242, 2019 WL 5197329, at *8 (W.D. Pa. Oct. 15, 2019) (collecting Third Circuit cases). Other than one district court citation in their Amended Complaint (*see* Am. Compl. ¶ 30), Yang and Hsu do not provide support for, much less argue, that willfulness is a question of fact outside the Court's purview on

10

a motion for judgment on the pleadings. (*See generally* Opp. Br.). Accordingly, the Court proceeds with analyzing willfulness as a mixed issue of law and fact at the pleading stage. *See, e.g.*, *Ochoa v. Pearson Educ., Inc.*, No. 11-1382, 2012 WL 95340, at *3 (D.N.J. Jan. 12, 2012); *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021) ("Whether a defendant has willfully violated the FLSA is a mixed question of law and fact on which the plaintiff carries the burden of proof.").[6]

"Willfulness under the FLSA is established where 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited.'" *Stone v. Troy Constr., LLC*, 935 F.3d 141, 150 (3d Cir. 2019) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). Although willfulness "does not require a showing of egregiousness," *Stone*, 935 F.3d at 150, it "require[s] a more specific awareness of the legal issue" as opposed to general awareness. *Souryavong v. Lackawanna Cnty.*, 872 F.3d 122, 126 (3d Cir. 2017) ("Acting only 'unreasonably' is insufficient—some degree of actual awareness is necessary."). Allegations that give rise to an "indifference toward the requirements imposed by the FLSA" supports a showing of willfulness. *See Martin v. Selker Bros.*, 949 F.2d 1286, 1296 (3d Cir. 1991). An employer who acts

---

[6] *See also Acosta v. Holland Acquisitions, Inc.*, No. 15-1094, 2018 WL 6242231, at *5 (W.D. Pa. Nov. 29, 2018) ("In this Circuit, the failure to allege any facts from which the court could plausibly infer willfulness will result in dismissal of FLSA claims beyond the two-year statute of limitations.") (internal quotations omitted); *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 921–22 (D. Ariz. 2010); *Lashbrook v. Indiana Dep't of Corr.*, No. 15-0206, 2015 WL 6550652, at *5 (S.D. Ind. Oct. 28, 2015); *Chesley v. DIRECTV, Inc.*, No. 14-0468, 2015 WL 3549129, at *7 (D.N.H. June 8, 2015).

In *Whiteside*, the Second Circuit recognized that "the Courts of Appeals are divided as to the applicable pleading requirements in cases in which a plaintiff alleges willfulness to obtain the benefit of an extended limitations period." 995 F.3d at 320. The Third Circuit has not addressed this issue. Without hesitation, however, the Second Circuit recently held that "a plaintiff must allege facts at the pleading stage that give rise to a plausible inference that a defendant willfully violated the FLSA for the three-year exception to apply." *Id.* Under *Twombly* and *Iqbal*, it reasoned that "claims must rest on well-pleaded *factual* allegations" and that a district court "should not accept as true allegations that amount to mere 'legal conclusions.'" *Id.* at 321 (first citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and then citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)). Moreover, after summarizing the Supreme Court's view on the "substantive distinction" Congress drew between FLSA claims for ordinary and willful violations, the Second Circuit held that "willfulness operates as an independent element of claims for *willful* violation of the FLSA—a subset of FLSA claims pursuant to which an employer is subject to heightened liability." *Id.* at 322.

"negligently in determining its FLSA obligations has not acted willfully under Section 255(a)." *Freeman v. Sam's E. Inc.*, No. 17-1786, 2021 WL 3362611, at *2 (D.N.J. Aug. 3, 2021) (citing *McLaughlin*, 486 U.S. at 135, n.13); *Souryavong*, 872 F.3d at 127.

As noted above, the Court granted Yang and Hsu, whom at that point had the benefit of some discovery, leave to amend their original complaint with allegations that reflect Defendants' willfulness. (OA Tr. at 34:1–7 & 34:13–35:6). A careful review of the amended pleading reveals that their assertions as to Defendants' willfulness are largely the same, conclusory allegations that the Court previously deemed insufficient. (*Id.*; *compare* Compl. ¶¶ 1, 2, 20, 22, 24, 31, 34, 102 & 114–15, *with* Am. Compl. ¶¶ 1, 2, 23, 26–28, 35, 95 & 102–03). These allegations fail to overcome the Court's prior concerns. *See Buchspies*, 2019 WL 5078853, at *4 (finding that plaintiff failed to plead willfulness based on conclusory assertions "otherwise devoid of factual allegations to support Pfizer's knowledge that the alleged conduct was prohibited by the FLSA or a reckless disregard of its obligations under the FLSA"); (OA Tr. at 34:1–7 & 34:13–35:6).

In opposition to the instant motion, Yang and Hsu argue that their new allegations plausibly plead Defendants' willful violation. (Opp. Br. at 6–7 (citing Am. Compl. ¶¶ 29 & 38–39)). Yang and Hsu maintain that Defendants kept adequate timekeeping records for other employees but failed to keep adequate timekeeping records for them. (Am. Compl. ¶¶ 29 & 38–39; *see id.* ¶¶ 36–37). Specifically, Plaintiffs allege that Defendants only recorded Yang's pay between November 10, 2014, and October 25, 2015. (*Id.* ¶ 39). Similarly, Defendants recorded the days Hsu worked per week between March 30 and June 21, 2015, and the amounts paid to him between January 5 and June 28, 2015. (*Id.* ¶ 38; *see also id.* ¶ 80). Meanwhile, Defendants allegedly kept more detailed timekeeping records for Teck Kim Eu (an original named plaintiff), Chia Tsai Min, and Ming Fong, which noted their hours per day, hours per week, "the ostensible basis of [their] pay

12

(hourly)," and total pay. (*Id.* ¶ 38). Defendants insist that these new, minimal allegations as to their recordkeeping "sound[] in negligence rather than willfulness." (Mov. Br. at 11). The Court agrees with Defendants.

Even accepting Yang and Hsu's new allegations as true, they fail to support more than an ordinary FLSA violation. Rather, they amount to an assertion that Defendants merely misclassified them as exempt employees rather than non-exempt employees. (*See* Am. Compl. ¶¶ 38–39). The assertion "that the alleged misclassification of employees amounts to a showing of willfulness[,] is unsupported and without merit." *See Matuska v. NMTC, Inc.*, No. 10-3529, 2012 WL 1533779, at *2 n.3 (D.N.J. Apr. 30, 2012) (citing *Ochoa*, 2012 WL 95340, at *3); *Acosta, Inc.*, 2018 WL 6242231, at *5 ("There are no factual allegations that [d]efendants' had any knowledge or acted willfully in violating the FLSA by not paying overtime to people it had unlawfully classified as independent contractors."); *see also Whiteside*, 995 F.3d at 324 (finding that at most, the allegations permit "an inference that [d]efendants negligently failed to reclassify Whiteside as a non-exempt employee which, without more, is insufficient"); *but cf. Mitchell v. C & S Wholesale Grocers, Inc.*, No. 10-2354, 2010 WL 2735655, at *4 (D.N.J. July 8, 2010) (holding that plaintiff adequately alleged a willful FLSA violation where it pled that "[d]efendants *intentionally* mis-classified [p]laintiff's and others' employee status") (emphasis in original). Thus, the alleged differences in Defendants' recordkeeping as to Yang and Hsu, without additional factual allegations, do not plausibly reflect an "indifference toward the requirements imposed by the FLSA." *See Martin*, 949 F.2d at 1296; *see also Lashbrook*, 2015 WL 6550652, at *5 ("At most, this shows that [defendants] knew the FLSA was potentially applicable, but merely knowing that

13

the FLSA 'was in the picture' is not enough to allege a willful violation."). Accordingly, Yang and Hsu fail to plausibly plead a willful FLSA violation.[7]

This outcome is consistent with courts in the Third Circuit that have dismissed FLSA claims for failure to plead specific factual conduct indicative of defendants' willfulness. *See, e.g.*, *Matuska*, 2012 WL 1533779, at *2 n.3 (finding no willfulness where, among other reasons already discussed, plaintiffs "did not set forth evidence of willful conduct"); *Ochoa*, 2012 WL 95340, at *3; *Acosta, Inc.*, 2018 WL 6242231, at *5–6; *Mell v. Gnc Corp.*, No. 10-0945, 2010 WL 4668966, at *8 (W.D. Pa. Nov. 9, 2010) ("Here, however, there are no factual allegations which would support a claim that the violations were willful, for example, reports of complaints to supervisors about having to work off the clock which were rebuffed or ignored.").

Finally, Yang and Hsu's continued reliance on *Garcia v. Tenafly Gourmet Farms, Inc.*, No. 11-6828, 2012 WL 715316, at *2 (D.N.J. Mar. 5, 2012), is unpersuasive. (Opp. Br. at 6–7). For example, unlike this case, Mr. Garcia alleged that defendants kept absolutely no records of his wages, hours, or other conditions of his employment, and that he was never asked to record his hours. *Garcia*, 2012 WL 715316, at *2. Here, by contrast, Defendants kept records for Yang and Hsu, but tracked different information for them when compared to other employees. *See Matuska*, 2012 WL 1533779, at *2 n.3. Thus, when viewed collectively, the alleged facts in *Garcia* plausibly support the employer's specific awareness of the FLSA and a reckless disregard for its legal obligations, rather than general awareness and negligence. 2012 WL 715316, at *2; *see Souryavong*, 872 F.3d at 126.

---

[7] Moreover, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of h[is] claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). Here, however, Yang and Hsu have had the benefit of discovery before filing the Amended Complaint. (*See, e.g.*, D.E. Nos. 48, 50, 67 & 75). Yang and Hsu never moved to amend their pleading since filing the Amended Complaint on March 2, 2020, and completing discovery on August 19, 2021. (*Compare* Am. Compl., *with* D.E. No. 144).

14

For the reasons stated above, Yang and Hsu fail to allege sufficient facts that plausibly support a willful violation of the FLSA. Defendants' motion for judgment on the pleadings is **GRANTED** as to Yang and Hsu's FLSA claims. Accordingly, their claims are dismissed, with prejudice, as time-barred under the three-year statute of limitations. *See Brown v. Cantineri*, No. 14-6391, 2017 WL 481467, at *2 (D.N.J. Feb. 6, 2017) ("Because I have already given [Plaintiff] one opportunity to amend, this dismissal is with prejudice."); *see also Foster v. Raleigh*, 445 F. App'x 458, 460 (3d Cir. 2011).[8]

### B.   Subject-Matter Jurisdiction over Yi Ching Liu's Claim

Next, Defendants challenge the Court's subject-matter jurisdiction over Liu's FLSA claim because Cheng Du never employed him, as evidenced by a complete lack of employment records that pertain to Liu. (Mov. Br. at 21–23; *see also* D.E. No. 122-4 ¶¶ 9–10 (certifying, as the owner of Cheng Du, that "it does not have any records indicating that Yi Ching Liu was employed by, or was in any way affiliated with, the restaurant" and that Ching Xing Lin is "unaware of any employee of Cheng Du [], current or former, by the name of 'Yi Ching Liu'")). Thus, Defendants maintain that Liu's FLSA claim must be dismissed. The Court agrees with Defendants.

The FLSA provides that a cause of action against an employer may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The FLSA defines an employee as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). Some courts, including those in this District, "have consistently interpreted [S]ection 216(b) as a jurisdictional provision." *Li v. Renewable Energy Solutions, Inc.*, No. 11-3589, 2012 WL 589567, at *5 (D.N.J. Feb. 22, 2012) (first citing *Breuer v.*

---

[8]   Because the Court dismisses Yang's claims as time-barred, it need not address Defendants' motion for partial summary judgment regarding the enforceability of Yang's November 18, 2015 settlement agreement. (Mov. Br. at 13–17; Reply at 5–7).

15

*Jim's Concrete of Brevard, Inc.*, 538 U.S. 791 (2003); and then citing *Friedrich v. U.S. Comput. Svcs.*, 974 F.2d 409, 410 n.1 (3d Cir. 1992)); *Moon v. Breathless, Inc.*, No. 15-6297, 2015 WL 7720490, at *4 (D.N.J. Nov. 30, 2015); *see also Murphy v. Allstaff Med. Res., Inc.*, No. 16-2370, 2017 WL 2224530, at *3 (D. Colo. May 22, 2017); *Doe I v. Four Bros. Pizza*, No. 13-1505, 2013 WL 6083414, at *4–5 (S.D.N.Y. Nov. 19, 2013) (persuaded by the court's reasoning in *Li*); *White v. Classic Dining Acquisition Corp.*, 2012 WL 1252589, at *2 (S.D. Ind. Apr. 13, 2012) (citing *Li*).[9]  Liu does not dispute that his employee status is a jurisdictional element. (Opp. Br. at 8 n.1). Indeed, Liu concedes that "[b]ecause Defendants are asserting factual challenges to subject-matter jurisdiction, the court 'may look beyond the pleadings to ascertain the facts.'" (*Id.* (quoting *Aichele*, 757 F.3d at 357)). The Court accepts this concession.

As noted above, "[a] jurisdictional challenge is a factual challenge if it concerns not an alleged pleading deficiency, but rather the actual failure of [plaintiff's] claims to comport with the jurisdictional prerequisites." *Li*, 2012 WL 589567, at *3 (quoting *U.S. ex rel. Atkinson*, 473 F.3d 506, 514 (3d Cir. 2007)).  Because Defendants maintain that they never employed Liu, their argument raises a factual challenge to the Court's subject-matter jurisdiction over Liu's FLSA claim. *See Li*, 2012 WL 589567, at *3; *see also Moon*, 2015 WL 7720490, at *4. And a factual attack enables the court to look beyond an amended complaint and ascertain facts that are relevant to jurisdiction. *Aichele*, 757 F.3d at 358.  Thus, the party opposing dismissal for lack of subject-matter jurisdiction "has the burden of establishing it." *Moon*, 2015 WL 7720490, at *3 (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)).  Here, Liu insists that he worked for

---

[9]  *But see Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 972 (9th Cir. 2019); *Wu v. E. Ocean Agric. Corp.*, No. 21-0668, 2022 WL 609619, at *3 (D. Del. Feb. 9, 2022); *Fuentes v. Compadres, Inc.*, No. 17-1180, 2018 WL 1444209, at *3–4 (D. Colo. Mar. 23, 2018).

16

Cheng Du such that the Court has subject-matter jurisdiction over his FLSA claim. (Opp. Br. at 7–9). As explained herein, Liu has not met his burden.

First, Liu asserts that Cheng Du has no employment records for him because Jiang, his supervisor and manager, failed to maintain them. (*Id.* at 8). Moreover, Liu promises that he "will shortly swear to" facts that provide "an explanation for this lack of records." (*Id.*). Despite this matter's age and Plaintiffs' delayed opposition to the instant motion, Liu never filed an affidavit or declaration to substantiate his claim of employment by Cheng Du. This failure alone is fatal to his arguments.

Second, Liu maintains that his pleaded description of Cheng Du's employee van route matched defendant Ching Xing Lin's description stated during his subsequent deposition. (*Id.* at 8–9 (first citing Am. Compl. ¶¶ 51–52; and then citing D.E. No. 141-5, Ex. 4 to D.E. No. 141-1 ("Schweitzer Decl.") at 67:23–69:15). Although the Court agrees that the descriptions are similar, the Amended Complaint is not verified by counsel or signed by Liu. And, as noted above, despite Liu's assertion that he will submit a sworn declaration or certification in support of his claim, that document has yet to be seen by this Court. Accordingly, these similar descriptions do not assist Liu in establishing his employment status.[10]

Finally, Liu cites his interrogatory responses dated July 5, 2021, to overcome Defendants' motion. (Opp. Br. at 8 (citing D.E. No. 141-4, Ex. 3 to Schweitzer Decl. ("Liu Interrog.") ¶¶ 1, 9 & 10)). Those responses merely reflect that Jiang served as Cheng Du's "back of the house" manager and Ching Xing Lin served as the "front of the house" manger. (Liu Interrog. ¶¶ 1, 9 & 10). However, as Defendants note, Liu never signed his interrogatories, which accords them little

---

[10] Indeed, since discovery closed in August 2021 (D.E. No. 144), Liu has not submitted any other record evidence, such as deposition testimony of other Cheng Du workers who may have verified his employment status.

to no weight.[11] (Reply at 9 (citing *S. Camden Citizens in Action, v. New Jersey Dep't of Envtl. Prots*, No. 01-0702, 2005 WL 8177284, at *5 (D.N.J. May 27, 2005))); Fed. R. Civ. P. 33(b)(5); *see also Uschold v. Carriage Servs., Inc.*, No. 17-4424, 2020 WL 1466172, at *2 (N.D. Cal. Mar. 6, 2020) ("Responses to interrogatories must be verified by the responding party's signature."), *appeal dismissed*, No. 20-15523, 2020 WL 3470090 (9th Cir. Apr. 24, 2020). Moreover, even considering the statements contained in Liu's interrogatory responses, the Court is not persuaded by Liu's argument—that Cheng Du lacks Liu's employment records because he worked only under Jiang's supervision as a "back of the house" manager. (*See* Opp. Br. at 8).

Because Liu does not provide any verified evidence to rebut Defendants' factual challenge to the Court's subject-matter jurisdiction over his FLSA claim, he fails to meet his burden of proof. *See, e.g.*, *Moon*, 2015 WL 7720490, at *4. Accordingly, Liu's claim is dismissed. Furthermore, because Liu has had ample opportunity to submit evidence in support of the Court's exercise of subject-jurisdiction over his claim, the dismissal is with prejudice. *See, e.g.*, *Brown*, 2017 WL 481467, at *2.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings as to Yang and Hsu and motion to dismiss as to Liu are **GRANTED**. Defendants' motion for partial summary judgment is **DENIED** as moot. An appropriate Order accompanies this Opinion.

Dated: September 13, 2022                                    *s/ Esther Salas*
                                                             **Esther Salas, U.S.D.J.**

---

[11] Despite counsel's representation that Liu's signed interrogatories would be served by July 6, 2021 (Schweitzer Decl. ¶ 15), Defendants maintain that they never received them by that date. (Reply at 9 n.2). To this day, the parties have not provided the Court with a signed copy of Liu's interrogatory responses.